UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00141-JMB |
| ) | |
| TWO UNKNOWN POLICE OFFICERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented plaintiff Clint Phillips, III's handwritten complaint. For the following reasons, plaintiff will be ordered to pay the $405 filing fee within twenty-one (21) days of the date of this order or this action will be dismissed pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo. Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, plaintiff alleges that on an unknown date in 2023 he was pursued by "[dope fiends] (heroin addicts)." Plaintiff tried to divert their pursuit by going into a 7-Eleven and notifying the store clerk. The clerk called the police, and plaintiff alleges the responding officers violated his constitutional rights. Plaintiff does not allege he is under imminent danger of serious physical injury. He is currently incarcerated at the St. Louis County Justice Center and, therefore, not in any danger of physical injury arising out of the events in his complaint.

Although Plaintiff has not filed an application to proceed without prepayment of fees and costs, it would be futile for him to do so. His recent applications have been denied because he has three prior strikes under § 1915(g). *See e.g. Phillips v. Seven Eleven, et al.*, No. 4:24-cv-116-RHH (E.D. Mo. Jan. 25, 2024); *Phillips v Three Unknown Police Officers, et al.*, No. 4:24-cv-00008-HEA (E.D. Mo. Jan. 24, 2024). Therefore, the Court will order plaintiff to pay the $405 filing fee within twenty-one (21) days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have twenty-one (21) days from the date of this order to pay the $405 filing fee.

**IT IS FURTHER ORDERED** if plaintiff does not pay the $405 filing fee within twenty-one (21) days of the date of this Order, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g).

Dated this 31st day of January, 2024.

>   */s/ John M. Bodenhausen*
>   JOHN M. BODENHAUSEN
>   UNITED STATES MAGISTRATE JUDGE